James Lee KING *v.* STATE of Arkansas

CA CR 83-77                          658 S.W.2d 434

Court of Appeals of Arkansas
Division II
Opinion delivered October 19, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Jackson Jones* and *Carolyn P. Baker,* Deputy Public Defenders, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. James Lee King appeals from his conviction of one count of possession of marijuana with intent to deliver and one count of possession of cocaine. He did not question the State's proof that the substances involved here were in fact contraband but contended only that he had not possessed them. The jury found that he had possessed both but appellant contends here that gratuitous remarks made by a State's witness were so prejudicial that the court should have granted his motion for a mistrial. We agree.

Sergeant Cal Rollins of the Pulaski County Sheriff's Department was the first witness for the State. He stated that he and other officers had gone to the College Station area to conduct an unrelated illegal liquor raid. While returning to his post he passed a parked car around which he observed seven to ten individuals. He had been a narcotics agent for eight years and from his experience and observation of these individuals he unequivocally determined that they were smoking marijuana.

The officers stopped and walked over to the parked car. Rollins testified that he saw appellant reach into the car, remove a paper bag and drop it to the ground beside him. He also saw him pull from his pocket "what appeared to be a wallet" and drop it to the ground. Although Officer Rollins did not then know what was in either container it was later learned that the bag contained marijuana packaged for street sale and the wallet held a vial of cocaine.

As appellant's defense was that both containers were not his but the property of other bystanders, his counsel on cross-examination established that the parked car belonged to the mother of Rodney Reed, one of those arrested with the appellant. It was further established that when the police

officers "patted down" those they had arrested they found marijuana on Reed's person but no contraband on the person of the appellant. Although his purpose for doing so is not clear, counsel then asked Rollins if he found any money on appellant's person. Rollins responded that he found the sum of $105. Counsel then asked:

> Q. Did you make some statement to him, or to anyone in the area that "It looks like he has — this must be drug money," or something of that sort? Did that enter into your conclusion that he had been dealing in drugs?

> A. Sir, I am very familiar with the defendant, not only at that point and time, but previous to that. Through my investigation as a lieutenant at that time in charge of narcotics, the defendant's name has come up several times. *I was very well aware that he is a known narcotics dealer.*

While recognizing that the statement was improper and prejudicial, the trial court denied the motion for a mistrial stating that he would "take a chance on this one and if I can find an admonishing instruction I am going to try and cure it." Over appellant's objection the following instruction was given to the jury:

> THE COURT: Ladies and gentlemen, before we proceed, I want to give you the following instruction: The answer of the officer to the last question was not responsive to the question posed to him, and it is not evidence to be considered by you. In other words, disregard the last answer of the officer, and do not consider it as evidence. You may proceed, Mr. Jones.

The State argues that the adminotion was sufficient to cure the prejudice, but in any event, contends that the answer was in fact responsive to the question and having injected the matter into the cause appellant cannot now complain that the officer answered truthfully. *Stovall* v. *State,* 233 Ark. 597, 346 S.W.2d 212 (1961). The appellant maintains that the improper evidence was not responsive or

invited, and was so highly prejudicial that the prejudice could not be removed by admonition.

Our courts have long recognized that the granting of a mistrial is an extreme and drastic remedy and ought not be resorted to unless there has been an error which is so prejudicial that justice cannot be served by continuing the trial and there is no other method by which the prejudice may be removed. We have also recognized that because of his superior position to judge the possibility of prejudice considerable discretion is vested in the trial judge in acting on such motions and the exercise of that discretion will not be disturbed unless manifestly abused. *Drew* v. *State,* 8 Ark. App. 120, 648 S.W.2d 836 (1983); *Brewer* v. *State,* 269 Ark. 185, 599 S.W.2d 141 (1980). Ordinarily when an objection is made by counsel and that objection is sustained and followed by a proper admonition to the jury by the presiding judge the prejudicial statements can be cured. *Drew* v. *State, supra; Brewer* v. *State, supra.* There are circumstances, however, in which the statements may be so highly prejudicial and flagrantly violative of the accused's right to a fair trial that no admonition to the jury can cure it. *Dean* v. *State,* 272 Ark. 448, 615 S.W.2d 354 (1981); *Sharron* v. *State,* 262 Ark. 320, 556 S.W.2d 438 (1977).

We agree with the trial court that the answer was not responsive to the question. Both questions could have been truthfully answered "yes" or "no." Neither invited a response as to appellant's reputation with the sheriff's department as a drug dealer or the witness's personal awareness of that activity.

Here the statement was not merely a gratuitous one. It was one made by an officer with eight years experience on the narcotics squad who because of his rank of lieutenant would be assumed to have knowledge of those engaged in narcotics violations. His was an inferentially authoritative statement that appellant was known to the police as a narcotics dealer. The trial judge expressed doubts that an admonition would cure the prejudice and we think that doubt was well founded.

Nor is this a case in which the other evidence of guilt was so overwhelming as to negate prejudice from such a statement. Here the only evidence that appellant had possession of the substances was Officer Rollins' statement that he saw him remove the bag from the car and the circumstance that the bag and wallet were found near his feet. There was no other evidence connecting him with the contraband. On the other hand it was established that the vehicle from which the marijuana was said to have been taken was under the control of Reed. Reed was found to have marijuana on his person but none was found on the person of the appellant. There was testimony from several witnesses that appellant did not remove the bag from the vehicle. The jury was told in a gratuitous remark by an experienced narcotics officer that he had reached the conclusion before the content of the containers was ascertained that they did contain contraband because "I was well aware that he was a known narcotics dealer." We conclude that this statement was so prejudicial that it could not be removed from the minds of the jury by cautionary instruction and doubtlessly tipped the scale against him in the conflict of the evidence.

Reversed and remanded.

CLONINGER and GLAZE, JJ., agree.