Ronald WEATHERFORD *v.* STATE of Arkansas

CR 85-7                                              692 S.W.2d 605

Supreme Court of Arkansas
Opinion delivered July 1, 1985

*Guy Jones, Jr.,* for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Ronald Weatherford appeals from his conviction of driving while intoxicated in violation of the

Omnibus DWI Act, Act 549 of 1983. Our jurisdiction is derived from Rule 26(1)(c). He bases his appeal on five arguments.

## I

Weatherford urges it was error to admit the results of a intoxilyzer test because his right to an additional blood or urine test was not explained to him. The record shows the arresting officer told Weatherford he was entitled to a blood or urine test at his own expense at the Conway Memorial Hospital and that the officer would assist him in obtaining the additional test. Weatherford's response was that he wanted his physician in Little Rock to perform the test and when that request was refused he said, "Forget the whole thing."[1]

We cannot sustain the argument, as the officer was not obliged to assist the accused by having a test performed in Little Rock. The provision for assistance in the act does not extend to transporting the accused to another locale, when there is no showing that facilities at the place of arrest are inadequate to perform the necessary tests.

## II

Weatherford complains that exhibits 1, 2, and 3 of the state should not have been admitted because they are not authenticated in accordance with Ark. Stat. Ann. § 27-2505 (Repl. 1979). The exhibits are, respectively, a certificate of the Arkansas Department of Health that the intoxilyzer used by the Conway Police Department is approved for use in determining blood alcohol, a certificate that Thomas Lee Smith of the Conway Police Department is qualified and authorized to perform tests by using the intoxilyzer, and a certificate that the Conway Police Department is a Certified Installation for the performance of blood alcohol analysis in accordance with existing laws and regulations. Each certificate is signed by the Director of the Blood Alcohol Program and her signature is notarized.

Ark. Stat. Ann. § 27-2505 deals with the introduction generally of domestic and foreign documents admissible for any purpose in litigation. The Compiler's Notes suggest the statute

---

[1] Record, p. 67.

has been superseded by the adoption of Rule 44 of the Arkansas Rules of Civil Procedure, which covers the identical subject matter. The Reporter's Notes to Rule 44 affirm that. Neither Rule 44 nor Ark. Stat. Ann. § 27-2505 has application here, as Ark. Stat. Ann. § 75-1031.1(c) (Supp. 1983) sets out how the chemical analysis of blood shall be made and approved by the Arkansas State Board of Health and provides that the certificates of the Department shall be admissible *per se.* There is no proof this section was not complied with.

## III

Weatherford also maintains the warnings required under *Miranda* v. *Arizona*, 384 U.S. 436 (1966) and *Escabedo* v. *Illinois*, 378 U.S. 478 (1964), were not given. The state concedes no warnings were given, but argues that since no incriminating statements were introduced, the omission of the Miranda warnings is harmless error, at best.

When one is arrested for the alleged commission of a misdemeanor traffic offense, and questioned by police officers, his responses are not admissible if the warnings outlined in *Miranda* v. *Arizona* are not first given. That was the holding in *Berkemer* v. *McCarty*, ___ U.S. ___, 104 S.Ct. 3138 (1984). However, the distinction between *Berkemer* and the case before us is that in *Berkemer*, statements of the accused that he had drunk two beers and smoked several joints of marijuana shortly before being stopped were received in evidence, notwithstanding the lack of Miranda warnings. Berkemer's conviction was necessarily based in part on his own statements, as the intoxilyzer did not detect any alcohol in his system. In contrast to *Berkemer*, Weatherford was not asked what he had had to drink and nothing was offered by the state in the form of incriminating statements in establishing the charge of driving while intoxicated. True, he was asked to perform field sobriety tests, such as walking heel to toe, touching his nose with his index fingers and the like. And while such tests, if poorly performed, having incriminating consequences, they are not the sort of self-incrimination which the Fifth Amendment is intended to prevent. *Schmerber* v. *California*, 384 U.S. 757 (1966); *Williams* v. *State*, 239 Ark. 1109, 396 S.W.2d 834 (1965). The protections of the Fifth Amendment do not extend to demonstrative, physical tests, but are intended to immunize the

defendant from providing the state with evidence of a testimonial or communicative nature. *Schmerber* v. *California, supra.*

In *Schmerber*, Mr. Justice Holmes is quoted:

> Another objection is based upon an extravagant extension of the Fifth Amendment. A question arose as to whether a blouse belonged to the prisoner. A witness testified that the prisoner put it on and it fitted him. It is objected that he did this under the same duress that made his statements inadmissible, and that it should be excluded for the same reasons. But the prohibitions of compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical and moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material. The objection in principle would forbid a jury to look at a prisoner and compare his features with a photograph in proof. *Holt* v. *United States*, 218 U.S. 245 (1910), at 252.

## IV

Next, Weatherford claims his motion for a mistrial should have been granted because of a remark by the trial court which constitutes, he believes a comment on the evidence in violation of our constitution, Article 7, Section 23. We must reject the contention.

During trial the sufficiency of notice by the police that Weatherford was entitled to an additional chemical test came into question, and whether the requisite assistance in obtaining such a test was offered to him. Defense counsel moved to strike the intoxilyzer test administered by the police officer and asked the court to instruct the jury to disregard it. The motion was overruled and the court told the jury:

> The court: Alright, based on the evidence that I have heard at this time, ladies and gentlemen, let me admonish you this—and I wouldn't make this admonishment at this time, Mr. Jones, except that you are requesting me to do so.

> The testimony is that when the Defendant was told that it was to be at his own expense and could not be at Little Rock at his own physician, he withdrew his request for a blood

test. And that's the state of the record at this time, and I will tell you the issue of the blood test being given or not given is not an issue in this case, and you are to disregard any testimony about it unless it develops sometime later that it may be. Now, proceed on. (R. 95).

Weatherford submits the words can only be interpreted as telling the jury to disregard the testimony of Mr. and Mrs. Weatherford. We disagree with that contention, as the incident occurred during the testimony of Officer Thomas Smith, who performed the breath test, and before either Mr. or Mrs. Weatherford had testified. We read the trial court's comment as an attempt to sum up the proof at that point in the trial. The remarks were not inaccurate, as it was undisputed at that point that Weatherford had asked only to have the blood test performed in Little Rock, which, as we have said, was not required under the act. The trial judge's comment clearly left open the possibility of testimony being developed later in the trial. If some added comment was thought necessary, it was the duty of the defense to ask for it. *Fielder* v. *State*, 206 Ark. 511, 176 S.W.2d 233 (1943).

## V

■ The final point concerns an attempt to impeach the arresting officer by offering proof from Mr. and Mrs. Weatherford that the officer's testimony in the circuit court trial was inconsistent with his earlier testimony in the Conway Municipal Court. No error is shown, because there was no proffer of the testimony Weatherford claims was wrongfully excluded. The assertion of appellate counsel and the dissenting opinion that Weatherford was denied the opportunity to proffer testimony on this point is wholly unsupported by the record. *Farrell* v. *State*, 269 Ark. 361, 601 S.W.2d 835 (1980).

The judgment appealed from is affirmed.

PURTLE, J., dissents.

SMITH, GEORGE ROSE, J., not participating.

JOHN I. PURTLE, Justice, dissenting. I am of the opinion that *Miranda* and *Escabedo* apply in Arkansas as well as elsewhere. The Fourth and Fifth Amendments to the United States Constitution, and the Arkansas Constitution and laws apply in Faulkner

County, Arkansas, as much as anywhere else in the United States. It is admitted that appellant was not warned of his rights before being questioned. The trial court ruled that "the *Miranda* warnings were not necessary in the arrest and later conviction of DWI." The facts are uncontradicted that appellant was in custody from the time the officers arrived at the scene.

The majority first admit that *Berkemer* v. *McCarty*, ___ U.S. ___, 104 S.Ct. 3138 (1984), requires the *Miranda* warning in misdemeanor traffic offenses and then distinguish it away by saying this appellant was not entitled to them or he didn't say anything very damaging. The majority ought to at least tell the trial judges that the *Miranda* rule applies even in misdemeanor traffic charges. The main purpose of *Miranda* warning is to be sure persons know of certain basic rights, one of which is to have an attorney to guide them in their words, actions and decisions. The rule was totally disregarded by the arresting officers and the trial court. I will not be a party to such slip-shod treatment of an accused.

In the absence of reasons to believe the contrary, I believe what the attorneys state in the briefs are either in the record or part of their arguments here.

I must also disagree with the ruling on the trial court's comment on the evidence during the trial. The court stated:

> The testimony is that when the defendant was told that it was to be at his own expense and could not be at Little Rock at his own physician, he withdrew his request for a blood test. And that's the state of the record at this time, *and I will tell you the issue of the blood test being given or not given is not an issue in this case . . .*" (Emphasis added).

That simply is an untrue comment on the facts. Appellant had, according to the testimony of Officer Glenn Free, signed a document requesting a blood test. This testimony was from the officer who testified before Officer Smith testified. Both officers testified about appellant requesting a blood test and that he would be restricted to the Conway Memorial Hospital for such a test. I am sure there are many doctors, nurses and technicians in Conway who are qualified to give the test. Two qualified persons were there at the jail in the presence of the officers while appellant

was contending for his right to a blood test. Also, Officer Free stated that they were informed by appellant that he wanted a blood test and that the officers informed him he could only get a test at the local hospital. When the Weatherfords testified, the issue was most definitely put in dispute. The trial court never changed his comment and as far as the jury was concerned the issue of a request for a blood test was not in issue.

The crowning blow in this case is that the appellant was refused the right to cross-examine the officers about prior conflicting statements. Some of the statements were testimony taken at the municipal court trial on the same issue. In overruling appellant's attempts to introduce prior inconsistent statements the trial court stated:

> I am going to rule that you cannot use the witnesses to testify about the prior hearing because it is a trial de novo and maybe we can get the Supreme Court to give us a decision on that and, if so, explain to us how we are going to do it properly and correctly.

The appellant's counsel then attempted to get the Weatherfords' testimony into the record but the trial court rejected the effort. The court also ruled that questions about prior statements made in municipal court by anyone could not be testified to because it was not a "court of record." Appellant's proffer was disallowed. How, pray tell me, may one have such an erroneous ruling reviewed so long as we sanction such tactics by sweeping them under the rug?

I would reverse and remand for a proper trial.