Roy Lee TIGGS *v.* STATE of Arkansas

CA CR 85-61                                    700 S.W.2d 65

Court of Appeals of Arkansas
Division II
Opinion delivered December 4, 1985

*Joe O'Bryan,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Roy Lee Tiggs appeals his conviction for theft of property. For reversal, he contends that (1) he was prejudiced by the jury's consideration of his failure to testify, (2) his confession should have been excluded as involuntary, and (3) the trial court should not have admitted evidence that he directed police to stolen merchandise without holding an evidentiary hearing as to voluntariness. We affirm.

During the weekend of November 11-13, 1983, Proctor Tire Service in Hazen was burglarized and fifty-six tires were stolen. Tire tracks left at the scene were made by a type of tire used only on U-Haul trucks. Police learned that appellant had rented a U-Haul truck on November 11, which he later reported stolen in Little Rock on November 14. On November 22, 1983, appellant was taken into custody at about 1:00 a.m. and was administered a polygraph examination at 8:50 a.m. That same day, between 4:30 and 5:00 p.m., appellant gave a confession to the police officers but refused to sign any written statement. At a subsequent time, not revealed in the record, appellant took police officers to a location in Little Rock where twenty-four of the tires stolen from Proctor were recovered.

At a *Denno* hearing, the trial judge ruled that appellant had understood his rights and intelligently and voluntarily waived them prior to having given his oral statement. Trial was held on January 16, 1985.

Appellant's first point for reversal is that he was prejudiced by the jury's consideration of his failure to testify. After the jury retired, it returned, asking, among other things, why appellant was not called to testify. Appellant's counsel, the prosecutor, and the trial judge met in chambers to discuss responses to the questions. Although appellant's counsel moved for a mistrial, he, the prosecutor and the judge agreed that the judge should re-read AMI Criminal, 111, which provides that a defendant has an absolute constitutional right not to testify and that failure to testify should not be considered by the jury in arriving at its verdict.

■ Appellant does not contend that either the court or the State improperly raised the question of his failure to testify. Ordinarily, a proper admonition by the trial judge to the jury cures prejudice, *King* v. *State*, 9 Ark. App. 295, 658 S.W.2d 434 (1983), and here, we believe the court's re-reading of AMI Criminal, 111 rectified any error or prejudice, if any existed. We find no abuse of discretion by the trial judge in refusing to grant appellant's motion for mistrial.

■■ Appellant's second point for reversal is that his confession should have been excluded as involuntary, and that the State failed to call a material witness by not producing the polygraph examiner. Appellant contends the confession was involuntary because of (1) the duration of interrogation, (2) the use of the polygraph over a long period of time, and (3) appellant's refusal to sign the confession. On appeal, we do not set aside the trial judge's finding of voluntariness unless it is clearly against the preponderance of the evidence. *Jackson* v. *State*, 284 Ark. 478, 683 S.W.2d 606 (1985). Factors considered in determining the question of voluntariness include the age or youth of the accused, lack of education, low intelligence, lack of advice as to constitutional rights, length of detention, repeated and prolonged questioning, and the use of physical punishment. *Id.* Of those factors enumerated in *Jackson*, appellant argues only his length of detention and prolonged interrogation. The police arrested appellant and took him to the police station at about 1:00 a.m., on November 22, 1983. That same morning, at 8:50 a.m., appellant was given a polygraph test that lasted approximately six hours. Between 4:30 and 5:00 p.m., a state police investigator had appellant sign a waiver of rights form, before questioning appellant, and then obtained his confession. We find little to distinguish the facts in this cause from those in *Cessor* v. *State*, 282 Ark. 330, 668 S.W.2d 525 (1984) wherein the court determined Cessor understood and waived his rights. Cessor was given a polygraph test and subsequently gave his confession. Cessor had been incarcerated less than twenty-four hours, and from the circumstances under which he confessed, the court held the trial judge correctly found Cessor's statement admissible.

■ Here, appellant had been detained a total of approximately sixteen hours. During that period, he was tested for about six hours, and then gave his confession during a thirty-minute

period of questioning. Under these facts, we find that the trial judge's ruling, that the confession was voluntary and admissible, was correct.

■ Concerning appellant's argument that the State's failure to call the polygraph examiner as a material witness was error, we must note that the record fails to show the appellant objected to this at either the *Denno* hearing or the trial. Because appellant failed to make a timely objection, we cannot consider the issue for the first time on appeal. *Smith* v. *State*, 10 Ark. App. 390, 664 S.W.2d 505 (1984). Even if appellant had objected, we are inclined to agree with the State's argument that the examiner was not a material witness because he was not present when appellant gave his statement.

■ Finally, appellant contends that the trial court should not have admitted evidence that he directed police to stolen merchandise. Appellant contends that this evidence violated his constitutional privilege against self-incrimination, and that an evidentiary hearing regarding voluntariness should have been conducted by the trial court. We disagree. The fifth amendment protections do not extend to demonstrative, physical tests, but are intended to immunize the defendant from providing the State with evidence of a testimonial or communicative nature. *Weatherford* v. *State*, 286 Ark. 376, 692 S.W.2d 605 (1985). Here, the challenged evidence was not testimonial; instead, the police officer testified only that appellant showed the officers where the stolen tires were located.

Because we find the trial court did not err, we affirm.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.