David DICKERSON v. STATE of Arkansas

CA CR 87-163 · 747 S.W.2d 122

Court of Appeals of Arkansas
Division II
Opinion delivered March 30, 1988

*Henry & Mooney*, by: *John R. Henry*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, David Dickerson, was convicted of a fourth DWI offense, sentenced to two years in the Arkansas Department of Correction, fined $1,000.00, and his driver's license was revoked. On appeal to this court, he contends the trial court erred in allowing the introduction into evidence of a certified copy of a prior DWI conviction from the Marked Tree Municipal Court.

The Omnibus DWI Act, Ark. Stat. Ann. § 75-2501 et seq., contains the provision that:

> [A]ny person who pleads guilty, nolo contendere, or is found guilty of violating Section 3 of this Act [operating a vehicle while intoxicated or while having a blood alcohol content of 0.10%] for the fourth or subsequent offense occurring within three (3) years of the first offense shall be guilty of a felony punishable by imprisonment for at least one (1) year but no more than six (6) years.

Ark. Stat. Ann. § 75-2504(b)(3) (Supp. 1985).

In order to prove that the present conviction was appellant's fourth DWI conviction within a three-year period, the state introduced certified copies of two convictions from the West Memphis Municipal Court; the first dated February 17, 1984, and the second dated January 24, 1986. In addition, the conviction from the Marked Tree Municipal Court, dated April 17, 1986, was introduced. The charge was stated, "D.W.I. 2nd

Offense" and, after a typewritten date of 4-17-86, contained the stamped statement: "Defendant arraigned—Defendant advised of pending charges and penalty. Defendant advised of right to legal counsel—Defendant knowingly waived right to an attorney." After both sentences, the handwritten initials "BD" appear. Following that, in typewritten form, are the statements: "4-17-86: Defendant entered a Plea of Guilty to D.W.I. 2nd and was screened by D.W.I. Counsellor"; "4-17-86: Defendant was assessed fine and cost of $760.00, was ordered to complete Alcohol Treatment Education Program, defendant's driving privelege [sic] suspended for one year, and defendant was sentenced to 30 days in jail to be suspended upon the condition that he attend one AA Meeting per week for one year and during good behavior." Both of these sentences were hand initialed "BD".

Appellant contends that, because he pleaded guilty to the charge in the Marked Tree Municipal Court without benefit of counsel, it is highly unlikely that anyone counseled him that one more conviction for DWI would cause him to be sent to prison, and, he argues, "basic fundamental fairness" requires that the record contain some affirmative indication that the court fully advised him as to the enhancement aspects of the Marked Tree conviction before it could be used for that purpose.

The state recognizes that waiver of counsel may not be presumed from a silent record, *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984), but cites *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985), where the court stated:

> Sixth, it is argued that the proof of one of Williford's three prior convictions for DWI does not show that he waived the right to counsel. The record consists of a photocopy of a municipal court docket sheet, which recites that Williford "waived right to atty." It is insisted that the judge's purported signature is not legible. Many persons' signatures are not legible, but that alone does not invalidate them. Here the clerk of the court certified that the photocopy of the docket sheet was an accurate record of the proceedings. No effort was made to show that the judge did not actually sign the docket sheet.

284 Ark. at 452. *See also Miller* v. *State*, 19 Ark. App. 36, 715 S.W.2d 885 (1986), where this court affirmed the use of an issued

ticket, containing the notation that appellant was convicted, to enhance a sentence.

However, the appellant cites *State* v. *Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984), where it was held that an uncounseled misdemeanor conviction may not be used under an enhancement statute to convert a subsequent misdemeanor into a felony punishable by a prison term, and appellant argues that this rule should be extended to cover the present situation. In other words, the appellant asks us to hold that without some indication in the record to show that the trial court fully advised the defendant in that regard, an uncounseled DWI conviction may not be allowed to enhance the sentence in any subsequent DWI conviction.

The appellant, however, does not cite any authority that requires the trial court to make the explanation suggested. Our Rules of Criminal Procedure do not make this requirement. Rule 24.4 deals with the advice the trial court must make to the defendant before accepting a guilty plea, but it does not mention the advice suggested by appellant. Except for the case of *State* v. *Brown, supra*, the only authority cited by appellant is a case note in 38 Ark. L. Rev. 688 (1985), discussing the *State* v. *Brown* case. That note cites *People* v. *Sirianni*, 89 A.D.2d 775, 453 N.Y.S.2d 485 (1982), and sets out the following quote from that case.

> Whether dealing with a plea of guilty or with a waiver of the right to counsel, we should not impose upon the court the unrealistic burden of informing a defendant of all possible future contingencies . . . . It is enough that the defendant be fully informed of the punishment for the crime he has already committed; it need not be anticipated that he will again disobey the law and commit additional crimes.

Also, in the case of *Southern* v. *State*, 284 Ark. 572, 683 S.W.2d 933 (1985), the Arkansas Supreme Court said:

> Prior convictions may not be considered for the purposes of the sentencing enhancement portions of the act unless the record shows the accused had counsel in the trials leading to the prior convictions *or that the right to counsel was waived* [emphasis supplied].

284 Ark. at 573.

■ The record in the instant case shows that the appellant waived the right to counsel at the time he pleaded guilty to the DWI charge in the Marked Tree Municipal Court. We do not think the record had to also show that the judge advised appellant as to the consequences of a subsequent conviction for the same charge before the Marked Tree conviction could be introduced into evidence in the subsequent case. We realize the conviction was marked "D.W.I. 2nd Offense," but we do not regard that as significant. It was, in fact, the appellant's third DWI conviction within three years and appellant knew how many times he had been convicted of that offense.

Affirmed.

COOPER and COULSON, JJ., agree.