Christopher ROBINSON *v.* Dennis C. SUTTERFIELD,
Municipal Judge

89-327                                    786 S.W.2d 572

Supreme Court of Arkansas
Opinion delivered April 2, 1990

8

*Michael R. Davis*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

ROBERT H. DUDLEY, Justice. Appellant, a sixteen-year-old youngster, seeks a writ of prohibition to prevent a municipal court from hearing a charge of driving while under the influence which was filed against him. He contends the charge can only be heard in juvenile court. We hold the municipal court has jurisdiction to hear the case and, accordingly, decline to issue the writ.

Petitioner first asked the municipal court to dismiss the charge because, he argued, the municipal court had no jurisdiction. The municipal court denied the motion. Petitioner then sought a writ of prohibition in circuit court. The circuit court declined to issue the writ. Petitioner now seeks to "appeal." The circuit court's order is not an appealable order. However, to decide this important issue, we treat the "appeal" as a petition for a writ of prohibition filed in this court. We have so proceeded in other similar cases. *Lowe* v. *State*, 290 Ark. 403, 720 S.W.2d 293 (1986), and *Norton* v. *State*, 273 Ark. 289, 618 S.W.2d 164 (1981).

The Juvenile Code of 1989, Ark. Code Ann. § 9-27-301 to -368 (Supp. 1989), provides that the juvenile court shall have exclusive original jurisdiction of proceedings in which a juvenile is alleged to be delinquent. Ark. Code Ann. § 9-27-306(a)(1) (Supp. 1989). A delinquent juvenile is defined by the code as "any juvenile ten (10) years or older who has committed an act *other than a traffic offense* or game and fish violation, which, if such act had been committed by an adult, would subject such adult to prosecution . . . ." (Emphasis added.) Ark. Code Ann. § 9-27-303(11) (Supp. 1989). Thus, traffic offenses are excluded from the jurisdiction of the juvenile court, and generally are within the jurisdiction of municipal courts.

The issue then is whether the offense of driving while under the influence of intoxicants is a "traffic offense." The appellant contends that it is not since the offense is not one codified under Title 27 of the Arkansas Code Annotated. We do not consider that fact persuasive. Title 27 is entitled "Transportation" and

nowhere represents that it contains an exclusive listing of traffic offenses. In fact, in his brief, appellant argues only that the "majority" of traffic offenses are listed there. Further, while the manner in which the statute is codified may be an indication of the nature of the crime, it is not necessarily determinative, especially when common sense dictates otherwise.

The term "traffic offense" refers to a violation of a law regulating the operation of a vehicle upon a roadway. The offense "driving while under the influence of intoxicants" is a violation of a law regulating the operation of a vehicle upon a roadway. Thus, "driving while under the influence" is a traffic offense.

By case and by rule we have referred to the term "traffic offense" as including the offense of driving while intoxicated. *Weatherford* v. *State*, 286 Ark. 376, 692 S.W.2d 605 (1985), and A.R.Cr.P. Rule 4.1(a)(ii)(C). Other states have similarly referred to the term "traffic offense" as including driving while intoxicated. *In Re Petition of Williams*, 111 Wash. 2d 353, 759 P.2d 436 (1988); *Dover* v. *State*, 725 S.W.2d 915 (Mo. App. 1987); *State* v. *DeLuca*, 108 N.J. 98, 527 A.2d 1355 (1987); *State* v. *Yanez*, 381 N.W.2d 470 (Minn. App. 1986); *Mottern* v. *State*, 466 N.E.2d 488 (Ind. App. 1984); *State* v. *Bartholmew*, 411 So.2d 1182 (La. App. 1982).

In a case comparable to the one now before us, the Supreme Court of North Dakota held, as we now do, that driving while under the influence was a "traffic offense" as described by statute, and that juvenile court did not have jurisdiction. The Juvenile Code provision there was the same as ours. *In Interest of B.L.*, 301 N.W.2d 387 (N.D. 1981). At first blush the case of *State* v. *Leonard*, 336 N.W.2d 271 (Minn. 1983), may seem *contra*, but, in fact, it is in accord because the statute involved in that case provided that "major traffic offenses" were to be dealt with in juvenile court. The court held that " 'major traffic offenses' (which include DWI) must be dealt with in juvenile court. . . ." In summation, many courts have referred to the offense of driving while under the influence of intoxicants as a traffic offense, and two have expressly so held.

Accordingly, we hold that the offense of driving while under the influence of intoxicants is a "traffic offense," and that under our Juvenile Code the municipal court has jurisdiction to

hear such cases. The writ is accordingly denied.