Dr. M. Joycelyn Elders, Director Arkansas Department of Health 4815 West Markham St. Little Rock, Arkansas 72205
Dear Dr. Elders:
This is in response to your request for an opinion reviewing the following policy statement for compliance with current law:
 If breath alcohol tests are performed on juveniles (as defined in the juvenile code) for purposes other than DWI/traffic related offenses, the juvenile's name is not to be entered in the instrument log book, the instrument memory or any other related records. A breath test may be given by entering "juvenile" for the name. In all other cases, the name of the subject is to be entered.
Your question, arising from the policy statement above, concerns the confidentiality of records of juvenile proceedings.
The Arkansas Department of Health has the authority under A.C.A. 5-65-204 to approve satisfactory techniques or methods of conducting breath, urine, or blood analysis, and is authorized to limit the types, or models of testing devices which may be approved for use in Arkansas. A.C.A.5-65-207(c). The rules promulgated under authority granted in 5-65-207(c) require "pertinent facts relating to analysis performed" to be kept by each installation. See Arkansas Rules Regulations for Blood Alcohol Analysis, at AP-402. You note that historically, although it may not be required by the rules, a record has been kept which includes the name of each subject. A problem has arisen, however, when the subject is a juvenile who is not being tested for a DWI or other traffic offense. The problem stems from a provision of the juvenile code, A.C.A. 9-27-301 et seq. (Supp. 1989), which states as follows:
 (a) All records may be closed and confidential within the discretion of the court.
* * *
 (c) Nothing in this section applies to or restricts the use or publication of statistics, data, or other materials which summarize or refer to any records, reports, statements, notes, or other information in the aggregate dna which do not refer to or disclose the identity of any juvenile defendant in any proceeding when used only for the purpose of research and study.
A.C.A. 9-27-309(a) and (c) (Supp. 1989).
Thus, in juvenile proceedings under the juvenile code, the court may, in its discretion, order the records closed and confidential. The distinction for DWI and other traffic offenses arises because the juvenile court does not have jurisdiction of such offenses, (A.C.A. 9-27-303(11) (Supp. 1989) and Robinson v. Sutterfield, 302 Ark. 7, 786 S.W.2d 572
(1990)), and therefore the confidentiality provision above does not apply to them.
Your concern is whether entering the name of a juvenile in the "breathalyzer log book for other than a traffic offense may violate the law, or a relevant court order.
It must be recognized, in response to your question, that in some instances the court, in its discretion, may not order the records confidential. In these instances, no law is violated by entering the name of the juvenile. In other instances, a definite answer to your question may require a review of the particular court order. It is my opinion as a general matter, however, that the conduct you describe would not fall within the exception in 9-27-309(c) for statistics and data compilations, because that exception requires that the identity of the juvenile defendant not be disclosed.
We are cognizant of the fact that a significant administrative burden may accompany an individual reference to each case file to see if in fact an order of confidentiality has been entered, and if so, if it is to cover the log book information at issue here. This being the case, it may be prudent for the Department to merely adopt a policy statement, such as the one about which you inquire, which merely requires the word "juvenile" to be entered in place of the actual name. It is my opinion that this policy statement is in conformity with the law, and indeed may, in some instances, accord more confidentiality than is required by law. There is, of course, no prohibition against this, assuming that there is no statute or rule or regulation which requires the recording of each name. As we have found none specifically requiring the recording of each name, it is my opinion that the policy statement is in conformity with existing law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb
[1] Although the regulation requires "pertinent facts" relating to the analysis, it does not indicate that the subject's name constitutes such a "pertinent fact.