The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, AR 72764
Dear Representative McJunkin:
This is in response to your request for an opinion regarding Act 904 of 1991. The question posed is whether the costs specified in Section 1 of the act (and several other sections of the act) apply to violations of state statutes pertaining to licensing of drivers, registration and licensing of vehicles, liability insurance requirements and size and weight violations. It is suggested that the legislature's use of the terminology "traffic violation for violation of state law" (emphasis added) would limit that particular court cost to those items that could fairly be classified as traffic offenses under subtitle 4 of Title 27 of the Arkansas Code of 1987. The question is posed: "Is it possible that the underlined term is a typographical error and that the correct term is "or"?
With regard to the latter question, it is my opinion that the answer is "no." The phrase "traffic violation for violation of state law or local ordinance" appears, with some minor modifications, throughout Act 904 of 1991. The repeated use of this phrase, including the word "for," indicates that this is not a typographical error, but rather was included to ensure that the costs or fees would be levied in traffic violation cases "for violation of state law or local ordinance."
The phrase should not, in my opinion, be construed as limiting that particular court cost to items that could be classified as traffic offenses under subtitle 4 of Title 27 of the Code. This conclusion is indicated by the Arkansas Supreme Court's decision in Robinson v. Sutterfield, 302 Ark. 7, 786 S.W.2d 572 (1990). Although the court in that case was construing the term "traffic offense," it is my opinion that the rationale would similarly apply in this instance. The court rejected the argument that because the offense of driving while under the influence is not codified under Title 27, it is not a "traffic offense," stating:
 We do not consider that fact persuasive. Title 27 is entitled `Transporation' and nowhere represents that it contains an exclusive listing of traffic offenses. . . . Further, while the manner in which the statute is codified may be an indication of the nature of the crime, it is not necessarily determinative, especially when common sense dictates otherwise. . . . The term `traffic offense' refers to a violation of a law regulating the operation of a vehicle upon a roadway.
302 Ark. at 8-9.
It is therefore my opinion that the term "traffic violation," as it appears in Act 904 of 1991, is not limited to traffic violations under Title 27 of the Code. With regard to violations of state statutes pertaining to licensing of drivers, registration and licensing of vehicles, liability insurance requirements and size and weight violations, it is my opinion that violations of statutes in these areas would generally be encompassed within the phrase "traffic violations for violation of state law" (see, e.g., Section 8 of Act 904 of 1991), as constituting violations of state laws regulating the operation of a vehicle upon a roadway. Id. A conclusive determination would, however, require consideration of the particular violation in question. It should also be noted, finally, that many violations under these statutes are classified as misdemeanors, the commission of which would clearly trigger many of the fee provisions in Act 904. See, e.g., A.C.A. § 27-16-301 (Uniform Motor Vehicle Operator's and Chauffeur's License Act), §27-14-701 (vehicle registration), § 27-22-103 (Supp. 1989) (motor vehicle liability insurance), and § 27-35-101 (size and load regulations); see also A.C.A. §§ 27-50-302, -303 (classification of traffic violations).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb