The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for an opinion, on behalf of Mr. William J. Velek, City Attorney of Greenbrier, regarding the jurisdiction of the Greenbrier City Court with respect to juveniles. In his correspondence, Mr. Velek references A.C.A. §9-27-306(a)(1) (Repl. 1993), which provides that the juvenile court shall have exclusive original jurisdiction of proceedings in which a juvenile is alleged to be delinquent. A "delinquent juvenile" is defined in the Code as "any juvenile ten (10) years or older who has committed an act other than a traffic offense
or game and fish violation, which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state." [Emphasis added.] A.C.A. § 9-27-303(11) (Repl. 1993). Thus, traffic offenses are excluded from the jurisdiction of the juvenile court. With respect to A.C.A. §9-27-306(a)(1), Mr. Velek has asked for an opinion as to what offenses would be encompassed within the term "traffic offense," as appears in that statute, so as to be within the jurisdiction of the Greenbrier City Court.
With respect to Mr. Velek's inquiry, the Arkansas Supreme Court, in Robinson v. Sutterfield, 302 Ark. 7, 786 S.W.2d 572 (1990), held that the term "traffic offense" refers to "a violation of a law regulating the operation of a vehicle upon a roadway." The issue in Robinson was whether the offense of driving while under the influence of intoxicants is a "traffic offense" and thus excluded from the jurisdiction of the juvenile court pursuant to A.C.A. § 9-27-306(a)(1). The Court held that, as the offense of driving while under the influence of intoxicants is a violation of a law regulating the operation of a vehicle upon a roadway, "driving while under the influence" is a "traffic offense," and thus, under the Juvenile Code municipal courts have jurisdiction to hear such cases. It is important to note that the Court in Robinson rejected the argument that driving while under the influence would not be considered a "traffic offense" since it is not codified under Title 27 of the Arkansas Code Annotated, which is entitled "Transportation," in this regard, the Court stated that there is no indication in Title 27 that it contains an exclusive listing of traffic offenses. Thus, if an offense constitutes a "violation of a law regulating the operation of a vehicle upon a roadway," regardless of whether the offense is codified in Title 27 of the Code, it is a "traffic offense" and outside the jurisdiction of the Juvenile Court.
In addressing Mr. Velek's question, it is also necessary to review A.C.A. § 16-88-101(a)(3)(A) (1987), which sets out the jurisdiction of city courts.[1] That section provides:
 City and police courts shall have exclusive jurisdiction of all prosecutions and actions for infractions of the bylaws or ordinances of the city or town in which they are located, concurrent jurisdiction with the circuit courts and justices' courts of prosecutions for misdemeanors committed in the town or city, and also concurrent jurisdiction in the cases provided by the special statutes creating or regulating such courts.
Thus, the City Court of Greenbrier would have exclusive jurisdiction over juveniles who have committed a "traffic offense" within the city of Greenbrier which constitutes a violation of a city bylaw or ordinance. Additionally, the Greenbrier City Court would have concurrent jurisdiction with the circuit courts and justices' courts over "traffic offenses" committed in the City of Greenbrier which constitute misdemeanors under state law. The definition of "traffic offense," as supplied by the Supreme Court in Robinson, should be looked to if there is an issue about whether a certain action would fall within the scope of that term.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] City courts were formerly referred to as "mayor's courts" and are presided over by the mayor or a designated justice of the peace (A.C.A. §§ 14-14-108(a) and (b)), the city recorder (A.C.A. § 14-42-111), or by a qualified elector or licensed attorney appointed by the mayor. A.C.A. § 6-18-112(b).