STATE of Arkansas *v.* Carlos Exavier DONAHUE

CR 98-196                               978 S.W.2d 748

Supreme Court of Arkansas
Opinion delivered October 8, 1998

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Stephen E. Morley*, for appellee.

W.H. "Dub" Arnold, Chief Justice. On September 24, 1996, the appellant, Carlos Exavier Donahue, was charged with (1) possession of a controlled substance with intent to deliver marijuana; (2) possession of a controlled substance with intent to deliver cocaine; (3) possession with intent to use drug paraphernalia; and (4) simultaneous possession of a firearm and a controlled substance, cocaine. After hearing arguments at a bench trial on September 26, 1997, Judge Marion Humphrey convicted Donahue of the first three charges and sentenced him to forty-eight months' probation. However, Judge Humphrey "dismissed" the simultaneous-possession charge, finding that Donahue could avail himself of Ark. Code Ann. § 5-73-120(c)(4) (Repl. 1997), which provides a defense to carrying a weapon when upon a journey. From this judgment, the State brings the instant appeal. Although originally filed in the Court of Appeals, this case was reassigned to this court to address an issue of first impression and statutory interpretation, specifically, whether the journey defense is applicable in the context of a simultaneous-possession charge under Ark. Code Ann. § 5-74-106 (Repl. 1997).

Our jurisdiction is authorized pursuant to Ark. R. App. P.—Crim. 3 (1998) and Ark. Sup. Ct. R. 1-2(b)(1), (6) (1998). The sole point urged by the State on appeal is that the trial court erred as a matter of law in its interpretation of section 5-73-120(c)(4) and its application to section 5-74-106. In addressing an appeal by the State, we first must determine whether the correct and uniform administration of the criminal law

requires our review. Ark. R. Crim. P. 36.10(c); *see also State v. Barter,* 310 Ark. 94, 833 S.W.2d 372 (1992). For example, if the Pulaski County circuit courts interpret these statutes in one manner and other counties' circuit courts are in conflict with that interpretation, uniformity throughout the state is lacking.

■ ■ However, although we have jurisdiction to consider this appeal, the appellee correctly contends that our review of the State's point on appeal is procedurally barred. We have long held that a contemporaneous objection must be made to the trial court before we will review an alleged error on appeal. *Mackey v. State,* 329 Ark. 229, 231, 947 S.W.2d 359 (1997). We noted in *State v. Brummett,* 318 Ark. 220, 885 S.W.2d 8 (1994), also an appeal from a bench-trial ruling, that the purpose of the contemporaneous-objection rule is to give the trial court an opportunity to know the reason for disagreement with its proposed action prior to making its decision or at the time the ruling occurs. *Id.,* 318 Ark. at 222. A contemporaneous objection is a prerequisite to our review, except in very limited circumstances that do not apply in the instant case. *See Withers v. State,* 308 Ark. 507, 510, 825 S.W.2d 819 (1992) (citing *Smart v. State,* 297 Ark. 324, 761 S.W.2d 915 (1988); *Hughes v. State,* 295 Ark. 121, 746 S.W.2d 557 (1988); *Fretwell v. State,* 289 Ark. 91, 708 S.W.2d 630 (1986); *Wicks v. State,* 270 Ark. 781, 606 S.W.2d 366 (1980)).

■ ■ Moreover, arguments not raised at trial will not be addressed for the first time on appeal, and parties are bound on appeal by the scope and nature of the objections and arguments they presented at trial. *Davis v. State,* 330 Ark. 501, 956 S.W.2d 163 (1997) (citing *Stewart v. State,* 320 Ark. 75, 894 S.W.2d 930 (1995)). Here, the State failed to make the specific argument, via a timely objection to the trial court, that the journey defense is inapplicable to a simultaneous-possession charge. The State objected to the journey defense only after the trial court found Donahue not guilty on the simultaneous-possession charge and, as a result, failed to preserve the issue for appellate review. Given the foregoing, we hold that the appellant is procedurally barred from appealing this issue, and we affirm the trial court.