Danny Ray WOODS *v.* STATE of Arkansas

CR 99-1269          27 S.W.3d 367

Supreme Court of Arkansas
Opinion delivered September 21, 2000

*Kearny Law Offices*, by: *John L. Kearny*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Danny Ray Woods was convicted of rape, aggravated robbery, and residential burglary. He was sentenced as a habitual offender to life imprisonment for the rape and to 40 years for aggravated robbery and 30 years for residential burglary. For reversal, Mr. Woods argues that the trial court erred by denying his motion for a mistrial and by excluding the testimony of two defense witnesses. We find no error and affirm the convictions and sentences.

At approximately 2:30 a.m. on September 4, 1998, Ms. Aldena Jennings awoke to find an intruder in her bedroom. He had covered her head with a cloth and a sheet had been thrown over the television in order to darken the room. Ms. Jennings was raped at knife point, and then she was forced by the assailant to walk to an ATM machine located at a bank in the vicinity. While her assailant stayed out of sight behind the bank building, he ordered Ms. Jennings to withdraw funds from the ATM machine. She made an unsuccessful attempt to withdraw funds and then walked away from the ATM machine and headed toward a nearby university campus security office where she reported the attack. That office immediately notified the city police department, whereupon a police officer was dispatched to the scene. Ms. Jennings gave the following description of her assailant to the officer: a black man, approximately six feet and three inches tall, weighing around 150 pounds, and wearing white shorts and a striped or checkered shirt. This description was broadcast to all police officers in order for them to be on the lookout (BOLO) for a person fitting that description.

At approximately 5:40 a.m. that same day, a police officer spotted Mr. Woods walking through town wearing clothing that matched the description given by Ms. Jennings. The officer detained Mr. Woods and took him to the victim's home, where she

confirmed that his size and clothing were like her assailant's. Mr. Woods was carrying a knife in his pocket at the time he was arrested and stains on his clothing were consistent with the damaged shrubbery outside of the window through which the assailant evidently entered the victim's house. One of Mr. Woods' thumbprints was later discovered on the frame of the window screen that had been removed by the assailant, and his DNA was a 1 in 200 trillion match to the semen from the rape kit.

At the trial, Mr. Woods testified in his own behalf that he did not rape Ms. Jennings. He testified that he had an ongoing sexual relationship with her that dated back a couple of years. It was his opinion that she fabricated the story of a rape out of jealousy. He admitted to having sexual intercourse with Ms. Jennings on the night of September 3, 1998, but claimed that it was consensual. According to Mr. Woods, he was walking to his brother's house to pick up some carpentry tools when he was arrested around 5:40 a.m. on September 4, 1998. Ms. Jennings not only denied any ongoing consensual sexual relationship with Mr. Woods but also denied knowing him at all.

### I. Motion for Mistrial

For his first point on appeal, Mr. Woods argues that the trial court erred in denying his motion for mistrial based upon the following testimony of Detective Daniel Dykes during cross-examination:

> DEFENSE COUNSEL: Do you have a personal ax to grind with this gentleman?
> DETECTIVE DYKES: No, sir, I don't.
> DEFENSE COUNSEL: Have you had any contact with him in the past?
> DETECTIVE DYKES: I've arrested Danny Ray Woods for burglary, theft of property, theft by receiving. He was on federal probation when I first met him when I moved to Pine Bluff.

At this point, defense counsel moved for a mistrial, which the trial court denied on the basis that counsel invited the answer.[1]

■ A mistrial is an extreme remedy that should only be granted when justice cannot be served by continuing the trial. We will not reverse a trial court's decision to deny a motion for mistrial absent an abuse of discretion or manifest prejudice to the complaining party. *Kail v. State*, 341 Ark. 89, 14 S.W.3d 878 (2000). See also *Lee v. State*, 340 Ark. 504, 11 S.W.3d 553 (2000); *Gates v. State*, 338 Ark. 530, 2 S.W.3d 40 (1999).

■ In *Hogan v. State*, 281 Ark. 250, 663 S.W.2d 726 (1984), the trial court denied a motion for mistrial following a police officer's testimony that the department had the defendant's fingerprints on file because he had previously been arrested. The trial court determined that the officer could have believed his answer was a legitimate response to the question asked by defense counsel; as such, the testimony was invited by the defendant. We held that the trial court's decision was not an abuse of discretion under the circumstances. Similarly, in the instant case, Detective Dykes could have believed his answer was a legitimate response to the question posed by defense counsel. Defense counsel asked Detective Dykes whether he had any contact with the defendant in the past. Detective Dykes responded affirmatively by describing his past contact with the defendant. The trial court determined that the testimony had been invited and denied the motion for mistrial. We cannot say the trial court abused its discretion.

■ Mr. Woods also cites *King v. State*, 9 Ark. App. 295, 658 S.W.2d 434 (1983), for the proposition that the trial court should have granted his request for a mistrial. That case, however, is inapposite. The statement challenged in *King v. State, supra*, was a gratuitous remark that was not responsive to the question. Here, on the other hand, the officer's testimony was responsive to the question posed by defense counsel. Any error that may have occurred was invited by the defense.

---

[1] Appellant's abstract of the record in this case is clearly deficient, notwithstanding his submission of an expanded abstract-brief after this court granted a joint motion to compel compliance with our abstracting rules. Furthermore, the State has not supplemented the abstract in its own brief. Because we must review all adverse rulings in this case pursuant to Ark. Sup. Ct. R. 4-3(h), we are not precluded from addressing the merits of appellant's first point on appeal.

Mr. Woods argues further on appeal that once a motion for mistrial is made by the defense, the trial court must assume the responsibility for considering other avenues that might eradicate any harm caused by the prejudicial testimony. He also argues that his Fifth and Fourteenth Amendment rights to due process and his Sixth Amendment rights to confrontation and the effective assistance of counsel have been violated by the denial of a mistrial. However, a review of the record demonstrates that Mr. Woods never raised any of these arguments before the trial court. It is well settled that an appellant may not change the grounds for objection on appeal but is limited by the scope and nature of his objections and arguments presented at trial. *Ayers v. State*, 334 Ark. 258, 264, 975 S.W.2d 88, 91 (1998). Moreover, we cannot consider arguments raised for the first time on appeal. *Hill v. State*, 341 Ark. 211, 16 S.W.3d 539 (2000); *Wallace v. State*, 326 Ark. 376, 379, 931 S.W.2d 113, 115 (1996). Even a constitutional argument, raised for the first time on appeal, will not be addressed. *Claiborne v. State*, 319 Ark. 537, 892 S.W.2d 324 (1995). We are therefore precluded from addressing these arguments on appeal.

Finally, Mr. Woods emphasizes the fact that his prior criminal conduct was mentioned a second time by Detective Dykes. This occurred when defense counsel concluded his cross-examination of Detective Dykes by asking the detective why he did not simply say yes in response to the previous question about prior contact with Mr. Woods. Once again, defense counsel elicited testimony by Detective Dykes that Mr. Woods was involved in other criminal conduct: "My first contact with Mr. Woods was shortly after he moved here from El Dorado, and I worked a case on him." Although Mr. Woods stresses this second answer in his appeal, he did not raise any objection to this testimony at trial. A contemporaneous objection must be made to the trial court before we will review an alleged error on appeal. *State v. Donahue*, 334 Ark. 429, 978 S.W.2d 748 (1998). Thus, this argument is procedurally barred. *Jones v. State*, 340 Ark. 390, 10 S.W.3d 449 (2000).

## II. Excluded Witnesses

For his second point on appeal, Mr. Woods argues that the trial court erred by refusing to allow him to call two witnesses. The trial court excluded the testimony of Mr. Edgar Goshen and Mr.

Ricky Akins because Mr. Woods failed to notify the State about these witnesses before the day of trial. Mr. Woods argues that the trial court acted unfairly in excluding these witnesses, since defense counsel did not see the State's full witness list until the morning of trial. We are unable to reach the merits of this issue.

■ "Where error is assigned in the refusal of the court to hear the testimony of a witness, the record must disclose the substance or purport of the offered testimony, so that this court may determine whether or not its rejection was prejudicial." *Allen v. State*, 324 Ark. 1, 918 S.W.2d 699 (1996); Ark. R. Evid. 103(a)(2). In the instant case, there was no proffer of what the two witnesses' testimony would have been. In fact, in a rather perplexing response to the State's argument pointing out the failure to proffer, Mr. Woods proclaims in his own reply brief that "the two (2) defense rebuttal witnesses never testified at all. No discussion is of record showing any effort to have the jury leave the Courtroom while the Court, without the jury present, heard the testimonies of the two (2) witnesses." No proffer having been made, we cannot address the exclusion of the testimony of Mr. Goshen and Mr. Akins.

### III. *Arkansas Supreme Court Rule 4-3(h)*

The transcript of the record in this case has been reviewed in accordance with our Rule 4-3(h) which requires, in cases in which there is a sentence to life imprisonment or death, that we review all prejudicial errors in accordance with Ark. Code Ann. § 16-91-113(a). None have been found.