SLIP OPINION

Cite as 2013 Ark. 356

# SUPREME COURT OF ARKANSAS

No. CR-02-90

| | | |
|---|---|---|
| ERIC C. BURGIE | | **Opinion Delivered** September 26, 2013 |
| | PETITIONER | PRO SE PETITION AND SUPPLEMENTAL PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS, MOTION TO APPOINT COUNSEL, MOTION FOR ORDER, AND MOTION AND SUPPLEMENTAL MOTIONS FOR DISCLOSURE OF MATERIAL EVIDENCE FAVORABLE TO DEFENSE PURSUANT TO THE ARKANSAS FREEDOM OF INFORMATION ACT [GARLAND COUNTY CIRCUIT COURT, 26CR-00-366, HON. JOHN HOMER WRIGHT, JUDGE] |
| V. | | |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION AND SUPPLEMENTAL PETITION DENIED; MOTION TO APPOINT COUNSEL MOOT; MOTION FOR ORDER DENIED; MOTION AND SUPPLEMENTAL MOTIONS FOR DISCLOSURE OF MATERIAL EVIDENCE DISMISSED. |

## PER CURIAM

In 2001, a jury found petitioner Eric C. Burgie guilty of capital murder and aggravated robbery and sentenced him to life imprisonment without parole. We affirmed the judgment. *Burgie v. State*, CR-02-90 (Ark. Feb. 20, 2003) (unpublished per curiam).

In 2009, petitioner filed a petition and supplemental petition in this court seeking to have

SLIP OPINION

jurisdiction reinvested in the circuit court to consider a petition for writ of error coram nobis. The petitions were denied. *Burgie v. State*, 2009 Ark. 382 (unpublished per curiam). He subsequently filed a motion and supplemental motion for reconsideration in which he asserted additional claims of ineffective assistance of counsel to be considered in conjunction with the claims advanced in his first petitions. The motions were also denied. *Burgie v. State*, 2009 Ark. 464 (unpublished per curiam). Approximately three years later, petitioner filed the pro se petition and supplemental petition that are now before us, again seeking leave to have jurisdiction reinvested in the circuit court to consider a coram-nobis petition.[1] Petitioner also filed a motion requesting appointment of counsel, and he later filed a motion for order and motion and supplemental motions for disclosure of material evidence favorable to his defense under the Arkansas Freedom of Information Act ("FOIA"). We deny the petitions and motion for order and dismiss the motions for disclosure of material evidence. The motion to appoint counsel is moot.

A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing *Sparks v. State*, 2012 Ark. 464 (per curiam)); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 849 (per curiam) (citing *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61).

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans*, 2013 Ark. 273 (citing *Howard v. State*, 2012 Ark. 177, ___ S.W.3d

---

[1]As with the first petition, the instant petition is assigned the same docket number as the direct appeal in the case.

SLIP OPINION

___). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam) (citing *Newman*, 2009 Ark. 539, 354 S.W.3d 61). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273 (citing *McDaniels v. State*, 2012 Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

In his first petition and supplemental petition, as well as his motion and supplemental motion for reconsideration, petitioner alleged, *inter alia*, that the State violated the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), on the grounds that the State did not disclose details omitted from statements in the probable-cause affidavit as to what specific information led the police to a particular witness, and he also alleged claims of ineffective assistance of counsel. We concluded that petitioner failed to assert some extrinsic fact or facts that were hidden or unknown as a result of a *Brady* violation, *Burgie*, 2009 Ark. 382, at 2, and that petitioner's claims of ineffective assistance of counsel were not cognizable in error-coram-nobis proceedings. *Burgie*, 2009 Ark. 464, at 2.

Now, in his second petition, petitioner again raises claims of a *Brady* violation and of ineffective assistance of counsel. Specifically, petitioner alleges that the State withheld evidence regarding details or information omitted from the probable-cause affidavit, which would indicate why police officers were led to question a particular witness who identified petitioner as a suspect. While petitioner readily admits in the petition that he is unaware of what the alleged withheld evidence consisted of, stating that it could be "anything from impeachment to exculpatory evidence," he, nevertheless, alleges that, had the evidence been known to him at the time of trial, a motion to suppress could have been timely filed to exclude all evidence obtained with the arrest warrant, statements of two of the State's witnesses, and petitioner's confession. He further alleges that there is "strong inferential evidence" that his trial counsel was acting in concert with the State to withhold evidence beneficial to his defense and that counsel was ineffective by representing conflicting interests, failing to investigate, failing to timely file a motion to suppress, and failing to challenge the sufficiency of the probable-cause affidavit.

To the extent that petitioner alleges that the State withheld evidence, namely, the omission of information in the probable-cause affidavit, his claim is an abuse of the writ, and we decline to exercise our discretion to permit the renewal of petitioner's previous application on this point because petitioner fails to state additional facts sufficient to provide grounds for the writ. *See Rodgers v. State*, 2013 Ark. 294 (per curiam) ("[A] court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted."); *Jackson v. State*, 2010 Ark. 81 (per curiam) (citing *Jackson v. State*, 2009 Ark. 572 (per curiam)); *see also United States*

*v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata). Petitioner alleges no facts in the petition now before us that are sufficient to distinguish his instant claim of a *Brady* violation, as it pertains to the probable-cause affidavit, from the claim that he advanced in his first petition. He did not establish a basis for issuance of the writ in his first petition, and his reassertion of the same claim in the instant petition is a misuse of the remedy.

As for petitioner's ineffective-assistance-of-counsel claims, such claims are not cognizable in error-coram-nobis proceedings. *Cromeans*, 2013 Ark. 273 ("[A]llegations of ineffective assistance of counsel are outside the purview of a coram-nobis proceeding."); *State v. Tejada-Acosta*, 2013 Ark. 217, ___ S.W.3d ___ ("[C]oram-nobis proceedings are not to be used as a substitute for claims of ineffective assistance of counsel."). Nevertheless, petitioner urges this court to break from precedent and expand our grounds for the writ to include claims of ineffective assistance where counsel allowed the State to withhold material, exculpatory evidence. As was the case in our dismissal of petitioner's motion and supplemental motion for reconsideration, we decline to expand our grounds for issuance of the writ. *See Burgie*, 2009 Ark. 464, at 3.

Finally, in his supplemental petition, petitioner alleges that the State failed to disclose the results of a fingerprint analysis performed on a glove found at the home from which the murder weapon was stolen. The results of the fingerprint analysis, he contends, would have proven that petitioner did not steal the murder weapon. However, petitioner does not contend that a

fingerprint analysis of the glove was even performed; in fact, he states in his supplemental petition that he received a copy of the entire police case file, which did not include any crime-lab reports or other information regarding the glove. Rather, petitioner predicates his allegations of a *Brady* violation on claims of ineffective assistance of counsel and argues that, because his trial counsel failed to investigate and conduct an independent examination of the glove, he was complicit with the State in withholding evidence. Allegations of ineffective assistance are not cognizable in coram-nobis proceedings, and we decline to expand our grounds for issuance of the writ.

We further note that the claims advanced by petitioner in his supplemental petition are not sufficient to support a *Brady* violation. In order to establish a *Brady* violation, petitioner must establish that evidence was suppressed by the State, either willfully or inadvertently. *Sparks*, 2012 Ark. 464 (citing *Smith v. State*, 2012 Ark. 403 (per curiam)). Where a petitioner offers nothing to show that information was concealed from the defense, and the issue could have been determined with certainty at the time of trial, the petitioner has not demonstrated a *Brady* violation that warrants the issuance of a writ of error coram nobis. *Id.* Here, petitioner acknowledges that a fingerprint analysis was not performed on the glove; thus, the State could not have withheld evidence that did not exist.

Turning to petitioner's remaining motions, because petitioner does not present any basis to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis, it is not necessary to address his motion to appoint counsel. Therefore, that motion is moot.

In his motion for order, petitioner requests an order of this court directing the Arkansas

Department of Correction ("ADC") and its officials to locate and return, or replace, file-marked copies of his pleadings, which he contends were given by officials to a different inmate, and to cease "hindering and interfering" with his ability to obtain copies of legal documents and to file supplemental pleadings. This court will not issue orders that have the effect of controlling the day-to-day operation of the ADC; thus, the motion is denied. If appellant is of the belief that personnel of the ADC have failed to perform some duty, which should have been performed, he may raise the issue at the ADC through the procedure to address grievances.

Lastly, the relief sought in petitioner's motion and supplemental motions for disclosure of material evidence favorable to the defense pursuant to the Arkansas Freedom of Information Act is not entirely clear. It appears that petitioner is requesting an order of this court directing his former trial counsel, the prosecuting attorney, and the local public defenders' office to comply with FOIA requests. This court lacks jurisdiction to order compliance with an FOIA request, and we, therefore, dismiss the motion and supplemental motions. *See* Ark. Code Ann. § 25-19-107(a) (Supp. 2011) (Any citizen denied the rights granted to him or her by the FOIA may appeal immediately from the denial to the appropriate circuit court.).

Petition and supplemental petition denied; motion to appoint counsel moot; motion for order denied; motion and supplemental motions for disclosure of material evidence dismissed.

*Eric C. Burgie*, pro se petitioner.

No response.