SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-12-940

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** October 3, 2013 |
| JESSIE HILL | APPELLANT | PRO SE MOTION TO EXTEND PAGE LIMIT [OUACHITA COUNTY CIRCUIT COURT, 52CR-95-156, HON. EDWIN KEATON, JUDGE] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | MOTION DENIED; ORDER AFFIRMED. |

## PER CURIAM

In 1995, appellant Jessie Hill was found guilty in the Ouachita County Circuit Court of first-degree murder and sentenced as a habitual offender to 720 months' imprisonment. In 2012, appellant filed in the trial court a pro se pleading titled "Habeas Corpus; Error Coram Nobis, A.C.A. § 16-89-130(2)(c)(4)(5)(6)(7)(d)." The trial court denied the pleading, and appellant lodged an appeal of the order in this court. Appellant has now filed a motion to extend the page limit on his reply brief.

Appellant does not explain in the motion why it is necessary for him to exceed the page limit for reply briefs under our rules of procedure. Instead, he asserts that two of the additional pages that he wished to add are simply used to provide a notary seal and a certificate of service. Because appellant has stated no good cause for failing to comply with our rules of procedure, we deny the motion.

This court has consistently held that the burden to conform to procedural rules applies even where the petitioner proceeds pro se, as all litigants must bear the responsibility for

conforming to the rules of procedure or demonstrating good cause for not so conforming. *McDaniels v. Hobbs*, 2013 Ark. 107 (per curiam). Appellant's motion does not show good cause for failing to conform to our rules. Having addressed appellant's motion, we affirm the order.

No appeal was taken from the 1995 judgment, and this court denied appellant's motion for belated appeal. *Hill v. State*, CR-96-710 (Ark. Nov. 4, 1996) (unpublished per curiam). Appellant unsuccessfully pursued various remedies for postconviction relief in the trial court, including motions under Act 1780 of 2001 and a previous petition for writ of error coram nobis. *See Hill v. State*, 2009 Ark. 248 (unpublished per curiam); *Hill v. State*, CR-08-637 (Ark. Jan. 30, 2009) (unpublished per curiam).

The 2012 pleading that appellant filed in the trial court was a rambling document that contained a number of claims. The only allegation of error that appellant raises in this appeal concerns a claim of withheld evidence. Appellant alleged that this withheld evidence was a basis for the trial court to issue a writ of error coram nobis.[1]

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Lee v. State*, 2012 Ark. 401 (per curiam); *Benton v. State*, 2011 Ark. 211 (per curiam); *Pierce v. State*, 2009 Ark. 606 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Lee*, 2012 Ark. 401 (citing *Estrada v. State*, 2011 Ark. 479 (per curiam)). There is no abuse of discretion in the denial of error-coram-nobis relief where the claims in the petition did not provide a basis for

---

[1]Where the judgment of conviction was not appealed, a petition for writ of error coram nobis is filed directly in the trial court. *Carter v. State*, 2012 Ark. 186 (per curiam) (citing *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam)).

issuing the writ. *See Benton*, 2011 Ark. 211.

Appellant contended in the pleading that the prosecution withheld an evidence-submission form for a .22 caliber revolver that was the murder weapon and a report from the Arkansas State Crime Laboratory concerning the same gun. The submission form did not list any suspects other than appellant. The report indicated that the gun had been processed for latent prints but that no latent prints suitable for identification developed. The report also noted that the gun was covered in rust.

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Loggins v. State*, 2012 Ark. 97 (per curiam); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 894 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Roberts*, 2013 Ark. 56, ___ S.W.3d ___; *Biggs v. State*, 2011 Ark. 304 (per curiam); *Coley v. State*, 2011 Ark. 540 (per curiam). The remedy in a proceeding for the writ is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court. *Lee*, 2012 Ark. 401. To warrant a writ of error coram nobis, a petitioner has the burden of bringing forth some fact, extrinsic to the record, that was not known at the time of trial. *Id.* (citing *Martin v. State*, 2012 Ark. 44 (per curiam)).

This court has previously recognized that a writ of error coram nobis was available to address errors found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty

SLIP OPINION

plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Roberts*, 2013 Ark. 56, ___ S.W.3d ___; *Webb v. State*, 2009 Ark. 550 (per curiam).

Allegations of withheld evidence that allege a violation of the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), may fall within the third category of error as recognized grounds for the writ in some cases. *See Sparks v. State*, 2012 Ark. 464 (per curiam). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Burks v. State*, 2013 Ark. 188 (per curiam) (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38). The fact that a petitioner alleges a *Brady* violation alone, however, is not sufficient to provide a basis for error-coram-nobis relief. *Id.* (citing *Camp v. State*, 2012 Ark. 226 (per curiam)).

Even assuming that the evidence that appellant alleged was withheld did meet the requirements of a *Brady* violation, in order to justify issuance of the writ, the withheld evidence must also be such to have prevented rendition of the judgment had it been known at the time of trial. *Camp*, 2012 Ark. 226. In his pleading that sought the writ, appellant did not demonstrate that there had been a *Brady* violation because he did not demonstrate that the prosecution had withheld the evidence. In addition, the information that appellant alleged was withheld would not have been sufficient to support issuance of the writ.

Appellant did not set out facts in the petition to demonstrate that the State suppressed the evidence. He did not allege that the documents concerning the gun were not made available

4

to defense counsel before trial. Instead, appellant contended that, after trial, the prosecution failed to provide the documents to appellant in response to his requests under the Freedom of Information Act.

As to whether the evidence allegedly withheld was sufficient to support issuance of the writ, this court noted in a previous opinion concerning testing of the gun for fingerprints that the presence or absence of fingerprints on the gun was not significant. *Hill*, CR-08-637, at 3. The fact that the gun may have had another suspect's prints on it would not have changed the outcome of the trial.[2] Appellant also contended that the significance of the documents was that, because the submission form and the report did not show that the crime lab was asked to check for comparisons to other potential suspects, the officer who testified had committed perjury. The officer's failure to make a request in the allegedly withheld documents for additional testing for other suspects' prints does not, however, support appellant's contention that the documents would show that the officer was not truthful when he testified. At trial, the officer did not state that other suspects were considered in the investigation.

Even if the officer made representations about the investigation of other suspects to the defense prior to trial, and appellant contended that he was somehow prejudiced by those

---

[2]At trial, appellant testified that he had taken a gun from Martin Gossett before the murder occurred, had gone to the victim's door and fired at the victim during the fatal confrontation, and had handed the gun back to Gossett after the shooting. Gossett testified that he had later thrown the gun into a ditch. Appellant appeared in the petition to recant portions of his trial testimony. He indicated that he had never said that he fired the actual murder weapon, although it is less clear whether he now denies having fired a gun at the victim at the time of the murder. At trial, the evidence established that the same gun that Gossett testified he had given to appellant before the murder and that he later threw into the ditch had fired the fatal shots.

representations, the allegedly withheld documents did not contradict the officer's representations. The report indicates that no latent prints suitable for identification were developed from the gun and that the gun was covered in rust. The testimony at trial was that the gun had been thrown into a ditch. *Id.* The condition of the gun was not likely to allow suitable prints to be identified, and it does not follow that no other suspects were under consideration from the fact that the officer had not requested other fingerprint comparisons when the gun was initially submitted. Appellant did not demonstrate that, even if the documents had been suppressed, the evidence contained in the documents would have prevented rendition of the judgment if it had been known at the time of trial.

Appellant's pleading failed to demonstrate that the evidence that he contends was withheld concerning the gun was sufficient to support issuance of the writ. Because the claims in the petition did not provide a basis to support issuance of the writ, there was no abuse of discretion in the denial of appellant's claim for error-coram-nobis relief.

Motion to extend page limit denied; order affirmed.

*Jessie Hill*, pro se appellant.

No response.

SLIP OPINION