SLIP OPINION  Cite as 2014 Ark. 177

# SUPREME COURT OF ARKANSAS

No. CR-07-110

|  |  |
|---|---|
| KENNETH RAY PITTS<br>PETITIONER | **Opinion Delivered** April 17, 2014 |
| V. | SECOND PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION FOR LEAVE TO FILE AMENDED PETITION |
| STATE OF ARKANSAS<br>RESPONDENT | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-05-4343] |
|  | <u>PETITION AND MOTION DENIED</u>. |

## PER CURIAM

In 2006, appellant Kenneth Ray Pitts was found guilty by a jury in the Pulaski County Circuit Court of second-degree sexual assault and sexual indecency with a child. He was sentenced as a habitual offender to consecutive sentences of 720 months' imprisonment for the charge of second-degree sexual assault and 180 months' imprisonment for the charge of sexual indecency with a child. The Arkansas Court of Appeals affirmed. *Pitts v. State*, CR-07-110 (Ark. App. Oct. 31, 2007) (unpublished) (original docket no. CACR 07-110). On February 5, 2014, petitioner filed in this court a pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis, in which he alleged that the circuit court acted without jurisdiction and that material evidence was withheld by the State; the petition was denied. *Pitts v. State*, 2014 Ark. 132, ___ S.W.3d ___ (per curiam).

Prior to the disposition of the February 5 petition, petitioner filed the instant second pro

se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis,[1] as well as a pro se motion for leave to file an amended petition. The petition and motion are denied as petitioner has failed to raise any cognizable claims that would support issuance of a writ of error coram nobis.

A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing *Sparks v. State*, 2012 Ark. 464 (per curiam)); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 849 (per curiam) (citing *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61). A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans*, 2013 Ark. 273 (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam) (citing *Newman*, 2009 Ark. 539, 354 S.W.3d 61). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273 (citing *McDaniels v. State*, 2012

---

[1]As was the case with the first petition, petitioner's second petition is assigned the same docket number as the direct appeal from the judgment of conviction.

SLIP OPINION

Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *McClure v. State*, 2013 Ark. 306 (per curiam). In the absence of valid delay, the petition will be denied. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay in bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Anderson v. State*, 2012 Ark. 270, ___ S.W.3d ___.

As grounds for the writ, petitioner asserts in the second petition that trial counsel was ineffective in failing to object on the proper basis to testimony presented by the State regarding a prior offense committed by petitioner. In the motion to amend, petitioner further alleges that counsel was ineffective in failing to communicate with petitioner, investigate the case, and advise petitioner of the time limitations in seeking postconviction relief. Allegations of ineffective assistance of counsel are outside the purview of coram-nobis proceedings. *Burgie v. State*, 2013 Ark. 356 (per curiam); *Cromeans*, 2013 Ark. 273; *State v. Tejada-Acosta*, 2013 Ark. 217, ___ S.W.3d ___ ("[C]oram-nobis proceedings are not to be used as a substitute for claims of ineffective assistance of counsel."). Coram-nobis proceedings are not a substitute for proceeding under

SLIP OPINION

Arkansas Rule of Criminal Procedure 37.1 even when the deadline for filing a Rule 37 petition has passed. *Nelson v. State*, 2014 Ark. 91, ___ S.W.3d ___ ("[F]undamental fairness and due process do not require an unlimited opportunity to file Rule 37 petitions.").

In the motion to amend, petitioner seeks to amend the petition with additional claims of trial error as well as the claim that he was "denied access to the transcript of trial as of [sic] motion discovery." To the extent that petitioner wishes to amend his petition to add the allegation that the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), his claim would be an abuse of the writ, and we decline to exercise our discretion to permit the renewal of petitioner's previous application on this point because petitioner fails to state additional facts sufficient to provide any grounds for the writ. *See Rodgers v. State*, 2013 Ark. 294 (per curiam) ("[A] court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support of the same grounds, will be permitted."); *Jackson v. State*, 2010 Ark. 81 (per curiam) (citing *Jackson v. State*, 2009 Ark. 572 (per curiam)); *see also United States v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata). Petitioner alleges no facts in the motion to amend that are sufficient to distinguish his instant claim of a *Brady* violation from the claim that he advanced in his February 5 petition. Reassertion of the same claim in a subsequent petition seeking a writ of error coram nobis is a misuse of the remedy. *See Burgie*, 2013 Ark. 356.

With regard to the remaining allegations that petitioner seeks to add to his second petition to reinvest jurisdiction, allegations of trial error, even those of constitutional dimension,

4

do not provide a ground to grant a writ of error coram nobis because the claim is clearly an issue known at the time of trial and could have been raised at trial and on direct appeal. *Travis v. State*, 2014 Ark. 82 (per curiam); *Hooper v. State*, 2014 Ark. 16 (per curiam).

Because it is clear from the petition and the motion that petitioner failed to state any ground for relief cognizable in a proceeding for error coram nobis, we need not consider whether petitioner proceeded with due diligence in making application for relief. *See Nelson*, 2014 Ark. 91, ___ S.W.3d ___.

Petition and motion denied.

*Kenneth Ray Pitts*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.