

Cite as 2014 Ark. 347

# SUPREME COURT OF ARKANSAS

No. CR-03-800

| | |
|---|---|
| ANARIAN CHAD JACKSON<br>PETITIONER | **Opinion Delivered** September 4, 2014 |
| V. | PRO SE MOTION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND TO RECALL MANDATE AND MOTION TO EXPAND PAGE LIMIT [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-01-1009] |
| STATE OF ARKANSAS<br>RESPONDENT | |
| | MOTION TO EXPAND PAGE LIMIT MOOT; MOTION TO REINVEST JURISDICTION AND TO RECALL MANDATE DENIED. |

## PER CURIAM

Petitioner Anarian Chad Jackson has filed a fifth petition requesting this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he makes an additional request to recall the mandate.[1] He has also filed a motion to expand the page limitations under Arkansas Supreme Court Rule 2-1(h) (2013). Petitioner's motion to exceed the page limit is moot because his petition was filed by the clerk with the pages that petitioner would add. His petition to reinvest jurisdiction and recall the mandate is denied.

A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request that this court reinvest jurisdiction

---

[1]For clerical purposes, the motion was assigned the same docket number as the direct appeal.

SLIP OPINION

in the trial court. *Martin v. State*, 2012 Ark. 44 (per curiam) (citing *Kelly v. State*, 2010 Ark. 180 (per curiam)). A petition in this court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after this court grants permission. *Cox v. State*, 2011 Ark. 96 (per curiam). This court will grant permission to proceed with a petition for the writ only when it appears that the proposed attack on the judgment is meritorious. *Whitham v. State*, 2011 Ark. 28 (per curiam). Where a petitioner seeks the writ on the same grounds as a previous petition, this court has discretion to determine whether a petitioner's application for the writ will be permitted, provided that the petitioner has alleged additional facts in support of the grounds. *See Rodgers v. State*, 2013 Ark. 294 (per curiam).

Petitioner was convicted of first-degree murder for killing Charles Raynor, and the jury imposed a life sentence. This court affirmed the judgment. *Jackson v. State*, 359 Ark. 297, 197 S.W.3d 468 (2004). The evidence at trial established that appellant and another member of petitioner's gang shot Raynor, who was a member of a rival gang. *See id.*

Takesha Griffin testified at the trial. She was called by the prosecution and treated as a hostile witness. During her trial testimony, she testified that she did not give a statement to police about petitioner's involvement in Raynor's death, that she was high on crack at the time of her statement that the prosecution later introduced, and that she had been kept at the Little Rock Police Department for five or six days and was willing to say or do anything to leave. *Id.* Griffin's testimony about the circumstances concerning her statement implicating Jackson was not consistent with a recording of her testimony before a federal grand jury, which was

introduced into evidence, or with later testimony by the detectives who had taken her statement. The audio tape of Griffin's statement reflected that she had testified under oath that petitioner admitted killing Raynor because Raynor had tried to kill petitioner at least four times, that she had heard on the street that petitioner and Raynor wanted the same girl, and that petitioner had told her the type of guns that he and the other shooter had used to kill Raynor. *Id.*

Petitioner's motion concerns Griffin's recanted statement. Petitioner has twice previously asserted prosecutorial misconduct involving the alleged suppression of information about Griffin's time spent with the police. *See Jackson v. State*, CR-03-800 (Ark. Apr. 2, 2009) (unpublished per curiam); *Jackson v. State*, 2010 Ark. 81 (per curiam). The State argues that petitioner's claims are abuse of the writ under *O'Neal v. State*, 2010 Ark. 425 (per curiam). Petitioner asserts that he has made new arguments concerning prosecutorial misconduct in administering an oath to Griffin and that there are new issues in the petition concerning suppressed statements by Griffin that petitioner was in Texas at the time of the murder.

It is a petitioner's burden to show that the writ is warranted. *Smith v. State*, 2012 Ark. 403 (per curiam). This burden is a heavy one, for a writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam). The remedy in a proceeding for a writ of error coram nobis is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court. *Burks v. State*, 2011 Ark. 173 (per curiam). To warrant a writ of error coram nobis, a petitioner must bring forth some fact,

3

SLIP OPINION

extrinsic to the record, that was not known at the time of trial. *Pinder v. State*, 2011 Ark. 401 (per curiam).

Petitioner's allegations that the prosecutor exceeded his statutory authority by administering the oath to Griffin do not provide new grounds for the writ. That claim arises from facts that were not extrinsic to the record and were known at trial. As a consequence, the claim is not one cognizable in an error-coram-nobis proceeding, will not support issuance of the writ, and provides no basis to reinvest jurisdiction in the trial court to pursue the writ. *See Hoover v. State*, 2012 Ark. 136 (per curiam); *see also Hall v. State*, 2013 Ark. 404 (per curiam) (holding that claims that could have been raised at trial are not grounds for the writ).

Petitioner also alleges that Griffin, during her time at the police station, made statements prior to the one played for the jury at trial, and petitioner appears to contend that these prior statements would have exonerated him by providing an alibi and serving to impeach Griffin's later statement implicating him in the murder. Petitioner attached to the petition an affidavit from Griffin in which she states that she made statements, one that was recorded and one that she wrote, that petitioner was in Texas at about the time of the murder. To the extent that petitioner intended these additional facts to provide support for his previous claims that the prosecution suppressed evidence about Griffin's time at the police station, the additional facts are not sufficient to support permitting an application for the writ to go forward.

Where a petitioner seeks the writ on the basis of a violation of the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), he must establish that evidence was suppressed by the State, either willfully or inadvertently. *Burgie v. State*, 2013 Ark. 356 (per curiam). Where a petitioner

offers nothing to show that information was concealed from the defense, and the issue could have been determined with certainty at the time of trial, the petitioner has not demonstrated a *Brady* violation that warrants issuance of the writ. *Id.* Petitioner has offered nothing to show that the statements were concealed from the defense. In fact, the defense appeared to be aware of the information.

The testimony at trial was that Raynor was murdered on January 5, 2001. Petitioner's sister testified that petitioner had talked to her by phone during a call from petitioner's brother on January 2, 2001. The implication was that petitioner had been at his brother's house in Dallas when the call was placed. So, the defense was aware of the alibi defense. There were also statements made on the record at trial indicating that the defense knew Griffin had made multiple statements to the police and that a defense investigator had interviewed Griffin prior to trial. The facts alleged in the petition do not establish that the defense was unaware of the content of the statements.

Moreover, because the jury found that Griffin's testimony recanting the statement that implicated petitioner was not credible, the evidence that petitioner contends was withheld was not sufficient to have prevented the rendition of the judgment if it had it been known at the time of trial. *See Hill v. State*, 2013 Ark. 383, at 2 (per curiam) ("[I]n order to justify issuance of the writ, the withheld evidence must also be such to have prevented rendition of the judgment had it been known at the time of trial.") (citing *Camp v. State*, 2012 Ark. 226 (per curiam)). The jury obviously concluded from the evidence presented, as it did with a number of other witnesses, that Griffin felt pressured by petitioner and his gang rather than by the police. There is a

distinction between fundamental error that requires issuance of the writ and newly discovered information that might have created an issue to be raised at trial had it been known. *Jackson*, 2010 Ark. 81; *see also Thompson v. State*, 2012 Ark. 339 (per curiam). The error that petitioner asserts was of the latter sort.

This court is not required to accept the allegations in a petition for writ of error coram nobis at face value. *Burks v. State*, 2013 Ark. 188 (per curiam). It is the petitioner's burden to show that the writ is warranted, and this court will grant permission for a petitioner to proceed with a petition for writ of error coram nobis only when it appears that the proposed attack on the judgment is meritorious. *Id.* Here, petitioner has not demonstrated that, if allowed to proceed, he could demonstrate that the statements were suppressed or that the statements would have prevented rendition of the judgement. Thus, to the extent that he has alleged any new facts in the petition, he has failed to demonstrate a meritorious claim to present in the proposed petition for writ of error coram nobis.

Petitioner also requests that this court recall the mandate in the case, pointing to ineffective assistance of counsel and asserting that this court overlooked error in reviewing the case on direct appeal. This court has consistently held that it will only consider a petition to recall the mandate in those cases where the death penalty has been imposed. *Nooner v. State*, 2014 Ark. 296, ___ S.W.3d ___; *see also Maxwell v. State*, 2012 Ark. 251 (per curiam). Petitioner also does not allege that he has otherwise established extraordinary circumstances to satisfy the requirements to recall the mandate as outlined by this court in *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003). Because petitioner has not established a basis for this court to recall the

6

mandate, we decline to do so.

Motion to expand page limit moot; motion to reinvest jurisdiction and to recall mandate denied.

*Anarian Chad Jackson*, pro se appellant.

No response.