SLIP OPINION  Cite as 2014 Ark. 453

# SUPREME COURT OF ARKANSAS

No. CR-08-1207

| | |
|---|---|
| SONYA NATE MOONEY<br>**PETITIONER**<br><br>V.<br><br>STATE OF ARKANSAS<br>**RESPONDENT** | **Opinion Delivered** October 30, 2014<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND AMENDMENT TO PETITION [CRAIGHEAD COUNTY CIRCUIT COURT, NO. 16CR-06-378]<br><br><br>PETITION WITH AMENDMENT DENIED. |

## PER CURIAM

In 2008, petitioner Sonya Nate Mooney was found guilty by a jury of first-degree murder and sentenced to 420 months' imprisonment. The Arkansas Court of Appeals affirmed. *Mooney v. State*, 2009 Ark. App. 622, 331 S.W.3d 588.

On September 2, 2014, petitioner filed the instant pro se petition, seeking to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis in the case.[1] Subsequently, petitioner filed an amendment to the petition. The petition, as amended, is denied because petitioner has failed to raise any claim that would support issuance of a writ of error coram nobis.

A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on

---

[1]The petition is assigned the same docket number as the direct appeal from the judgment of conviction.

appeal only after we grant permission. *Pitts v. State*, 2014 Ark. 132 (per curiam). A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273 (citing *McDaniels v. State*, 2012 Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

Petitioner first asserts that coram-nobis relief is warranted because *Brady v. Maryland*, 373 U.S. 82 (1963) was violated based on the concealment of evidence by the prosecuting attorney and defense counsel. Failure to disclose evidence favorable to the defense is a *Brady* violation, and such an allegation falls within one of the four categories of coram-nobis relief. *Bannister v. State*, 2014 Ark. 59 (per curiam). The United States Supreme Court held in *Brady* that "the

suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Watts v. State*, 2013 Ark. 485 (per curiam).

Petitioner contends that *Brady* was violated because the prosecution and defense counsel concealed from the jury an unrelated incident report of the shooting of a third party. The incident report, which is appended to the petition, names petitioner's victim, Veronica Jenkins, as an arrestee and witness in the incident. Petitioner alleges that she did not become aware of the report until after her trial and that the jury's request to examine a copy of the report shows prejudice. The trial record shows that defense counsel approached the bench and stated outside the hearing of the jury that he had a copy of the incident report and that he intended to introduce evidence of the incident to show that petitioner was afraid of Jenkins. The prosecuting attorney responded that the report was filed as part of an investigation and that characterizing Jenkins as a "suspect" in the shooting was not accurate. Defense counsel then stated that he was not introducing the report into evidence. The trial court found that petitioner

could testify as to her belief that Jenkins was dangerous but that the report did not show that Jenkins was charged with the shooting. Referring to the incident, Officer Angela Meredith later testified that Jenkins was not a suspect in the shooting but had been arrested for hindering apprehension because she was withholding information about the incident.[2] In testifying about her knowledge of Jenkins's propensity for violence, petitioner also addressed the incident that was the subject of the report. Petitioner admits in her petition that defense counsel was aware of the existence of the report, and the trial record is clear that the information was available at the time of trial. Accordingly, petitioner fails to demonstrate the existence of a *Brady* violation as necessary to provide cause to grant the writ.

Petitioner also alleges that she has tried to obtain documents to "bolster her claims," including evidence that Jenkins was attempting to find her for the purpose of attacking her on the day of the murder. To the extent that petitioner is again attempting to allege a *Brady* violation, she is not entitled to relief because she fails to offer any factual support for a claim that evidence favorable to her was suppressed by the prosecuting attorney or that the outcome of the proceeding would have been different had any such evidence been provided to the defense. *See Weekly v. State*, 2014 Ark. 365, ___ S.W.3d ___ (per curiam); *Pitts*, 2014 Ark. 132. The burden is on the petitioner to show that the writ is warranted, and a bare assertion with no factual

---

[2]In the amendment to the petition, petitioner contends that she is entitled to coram-nobis relief based on prosecutorial misconduct stemming from the bald allegation that, because the incident report named Jenkins, Officer Meredith committed perjury apparently based on her testimony that Jenkins was not a suspect in the shooting. Because the trial record does not support petitioner's allegation and she provides no factual substantiation for the perjury claim, petitioner fails to demonstrate a meritorious claim to present in the proposed petition for writ of error coram nobis. Bare assertions do not justify issuance of the writ. *See Charland v. State*, 2013 Ark. 452 (per curiam).

support does not justify reinvesting jurisdiction in the circuit court to consider a petition for writ of error coram nobis. *Charland*, 2013 Ark. 452. In an apparent attempt to support her claim that evidence was withheld by the prosecutor, petitioner appended to her petition an October 3, 2013 letter from the prosecuting attorney's office stating that petitioner's request for "work product" must come through her attorney. The letter does not indicate that the prosecutor withheld or refused to disclose any evidence to the defense at the 2008 trial, and it is unclear from the letter what specific evidence the petitioner was seeking.

Petitioner next contends that she is entitled to relief apparently based on an allegation of bias by the trial judge, who presided over both petitioner's first trial that ended with a mistrial and her second trial, and "judge-shopping" by the prosecuting attorney. Petitioner alleges that she was told prior to her second trial that the trial judge was no longer hearing criminal cases in Craighead County at the time of her second trial. She states that, after her second trial, she learned that the prosecuting attorney had expressed a desire that her second trial be presided over by the same judge, and she "concludes" that the prosecuting attorney's request was a result of the trial judge's "history of favorable rulings for the State." In a related claim, petitioner alleges bias of the trial judge based on a letter from the judge to the prosecuting attorney and defense counsel after the mistrial in which the judge wrote that a change of venue might be necessary due to the media coverage of the trial. Because petitioner provides no factual basis for her allegations and does not show the type of fundamental error addressed by coram-nobis proceedings, she fails to state a claim sufficient to support permitting an application for the writ to go forward for consideration of a petition for writ of error coram nobis.

Petitioner also contends that grounds exist for reinvesting jurisdiction for consideration of the petition because the trial court allowed three witnesses to testify despite violations of Arkansas Rule of Evidence 615 (2008). Rule 615 provides that "the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." A trial court has very narrow discretion to exclude the testimony of a witness for noncompliance with an exclusion order pursuant to Rule 615. *Blaylock v. Strecker*, 291 Ark. 340, 724 S.W.2d 470 (1987). On direct appeal, the court of appeals addressed petitioner's same argument regarding violations of Rule 615 and affirmed the trial court's decision to allow the witnesses to testify. *Mooney*, 2009 Ark. App. 622, 331 S.W.3d 588. When the merits of a claim were addressed and adjudicated in a prior appellate decision, that issue is settled and may not be revisited in a subsequent appeal. *Cooper v. State*, 2014 Ark. 243 (per curiam); *Strong v. Hobbs*, 2013 Ark. 376 (per curiam). Furthermore, petitioner's claim arises from facts that were not extrinsic to the record and were known at trial. As a consequence, the claim is not cognizable in a coram-nobis proceeding, will not support issuance of the writ, and provides no basis to reinvest jurisdiction in the trial court to pursue the writ. *See Jackson v. State*, 2014 Ark. 347, 439 S.W.3d 675 (per curiam); *Hoover v. State*, 2012 Ark. 136 (per curiam).

Finally, petitioner claims that she is entitled to coram-nobis relief because she was unable to aid in her defense or understand what was happening at trial because defense counsel had given her mind-altering sedatives that sometimes cause insanity. Petitioner's bald allegation that she was under the influence of sedatives during trial does not amount to a demonstration of insanity. Petitioner provides no evidence to support her claim, and such conclusory statements



fall far short of meeting petitioner's burden of showing that she was not competent to stand trial.

*See Whitham v. State*, 2011 Ark. 28 (per curiam).

Petition with amendment denied.

*Sonya Nate Mooney*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for respondent.