SLIP OPINION

Cite as 2015 Ark. 160

# SUPREME COURT OF ARKANSAS

No. CR-10-113

| | |
|---|---|
| ROBERT EUGENE JOHNSON<br>PETITIONER | **Opinion Delivered** April 9, 2015 |
| V. | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-08-3078] |
| STATE OF ARKANSAS<br>RESPONDENT | |
| | PETITION DENIED. |

**PER CURIAM**

In 2009, a jury found petitioner Robert Eugene Johnson guilty of possession of cocaine with intent to deliver and resisting arrest. The judgment entered in the case reflected that the resisting arrest charge was merged into the possession charge and that petitioner received, as a habitual offender, a term of forty years' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Johnson v. State*, 2010 Ark. App. 669. Petitioner has now filed a petition in this court in which he requests that this court reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. We deny the petition.

A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request that this court reinvest jurisdiction in the trial court. *Jackson v. State*, 2014 Ark. 347, 439 S.W.3d 675 (per curiam). A petition in this court is necessary because the circuit court can entertain a petition for writ of error coram nobis

after a judgment has been affirmed on appeal only after this court grants permission. *Mackey v. State*, 2014 Ark. 491 (per curiam). This court will grant permission to proceed with a petition for the writ only when it appears that the proposed attack on the judgment is meritorious. *Jackson*, 2014 Ark. 347, 439 S.W.3d 675.

It is a petitioner's burden to show that the writ is warranted, and a bare assertion with no factual support does not justify reinvesting jurisdiction in the circuit court to consider a petition for the writ. *Mooney v. State*, 2014 Ark. 453, 447 S.W.3d 121 (per curiam). This burden is a heavy one, for a writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Jackson*, 2014 Ark. 347, 439 S.W.3d 675. The remedy in a proceeding for a writ of error coram nobis is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown. *Id.*

Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Mackey*, 2014 Ark. 491. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner therefore has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Wilburn v. State*, 2014 Ark. 394, 441 S.W.3d 29 (per curiam). In the absence of a valid excuse for delay, the petition will be denied.

*Id.* Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Id.* The requirement that a petitioner proceed with due diligence is longstanding because coram-nobis relief is grounded on the need for the petitioner to proceed with the petition when the claim for relief is first known. *Id.* Otherwise, the finality of judgments on which society relies is undermined. *Id.*

Petitioner alleges in his petition that one of the officers who arrested him, Josh Hastings, planted the drugs on petitioner, that Hastings had long-standing disciplinary issues that came to light after Hastings had begun to receive media attention over a shooting in 2012, that petitioner had feared to come forward with allegations against Hastings before Hastings made the news because Hastings had powerful connections, that the prosecution withheld evidence of the disciplinary proceedings against Hastings, that the withheld evidence could have been used to impeach Hastings, and that petitioner should be entitled to issuance of the writ because the withheld evidence was a violation of the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963). Under some circumstances, when evidence favorable to the defense is wrongfully withheld by the State in violation of *Brady*, there may be cause for the writ. *See Chestang v. State*, 2014 Ark. 477 (per curiam). In this case, however, petitioner has not met his burden to show that the proposed attack on the judgment is meritorious.

Petitioner alleges that Hastings was named in at least sixteen disciplinary complaints

SLIP OPINION

beginning in 2008. However, he does not identify how many of those disciplinary complaints occurred prior to the date of his trial. Petitioner describes only generally what he contends was withheld. He does not describe the complaints specifically, and he does not indicate the dates filed, who made the alleged withheld complaints, or what concerning the complaints should have been available and used to impeach Hastings. As noted above, a bare assertion with no factual support does not justify reinvesting jurisdiction in the trial court, and petitioner's assertions fall far short of carrying his burden to demonstrate that his claim has merit.

In its response to the petition, the State contends that petitioner has not been diligent in pursuing the writ because he should have come forward when first becoming aware of the complaints filed against Hastings in 2012. Petitioner contends in the petition that he was fearful and not aware of documented complaints against Hastings at that time, but petitioner also makes no statement concerning when he became aware of the specific evidence that he claims was withheld. Whether the petition before us sufficiently demonstrates diligence is not a question that we need consider, however, because petitioner has not presented a claim that supports a meritorious attack on the judgment. *Charland v. State*, 2013 Ark. 452 (per curiam).

Petition denied.