SLIP OPINION

Cite as 2015 Ark. 248

# SUPREME COURT OF ARKANSAS

No. CR-14-701

| | | |
|---|---|---|
| BILLY CULBERTSON | | **Opinion Delivered** May 28, 2015 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | LONOKE COUNTY CIRCUIT COURT |
| | | [NO. 43CR-06-92, 43CR-06-528,43CR-06-529] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARBARA ELMORE, JUDGE |
| | | AFFIRMED. |

**PER CURIAM**

In 2008, appellant Billy Culbertson entered negotiated guilty pleas to multiple charges in three cases in the Lonoke County Circuit Court, the most serious of which included kidnapping and first-degree battery. He received an aggregate sentence of 336 months' imprisonment in the Arkansas Department of Correction. In a separate order, the trial court suspended imposition of ten years of the sentence, so long as certain conditions were met, in accord with the plea agreement that Culbertson signed. The charges stemmed from three incidents involving Culbertson's estranged wife and her parents.

In 2014, Culbertson filed a petition for writ of error coram nobis in the trial court, alleging that he was insane at the time that the plea was entered, that the plea was coerced, and that the prosecution had withheld evidence of the death of a witness and medical records. The trial court denied the petition and Culbertson's subsequent motion for reconsideration without a hearing. The court found that the sentencing court had found Culbertson competent and that

there was no mental disease or defect that would have prevented him from conforming his conduct to the requirements of the law. The court additionally found that the guilty plea was not coerced, that the prosecutor did not withhold material evidence, that Culbertson failed to demonstrate an error of fact extrinsic to the record, that some of his claims asserted ineffective assistance of counsel and were not cognizable in coram-nobis proceedings, and that Culbertson was not diligent in bringing his claims. We affirm the trial court's denial of the writ.

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Clark v. State*, 358 Ark. 469, 192 S.W.3d 248 (2004). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004). The trial court's findings of fact will not be reversed on appeal unless those findings are clearly erroneous. *Id.* There is no abuse of discretion in the denial of error-coram-nobis relief where the claims in the petition did not provide a basis to support error-coram-nobis relief. *Hill v. State*, 2013 Ark. 383 (per curiam).

On appeal, Culbertson contends that the trial court erred in finding that he had not demonstrated a basis for the writ for each of the three grounds in the petition.[1] Concerning the first ground in the petition, Culbertson first asserts that he was insane at the time of his conduct and his plea. Culbertson's second argument on appeal is his claim that he was coerced into entering the plea. Finally, he reasserts the claim from his petition that the prosecution withheld certain evidence, which included information of the death of a witness and medical records that

---

[1]Culbertson also challenged the validity of the order suspending part of his sentence below, but he does not make that argument on appeal. Claims raised below but not argued on appeal are abandoned. *Beverage v. State*, 2015 Ark. 112, ___ S.W.3d ____.

SLIP OPINION

the doctor performing his mental evaluation should have considered.

It is a petitioner's burden to show that the writ is warranted. *Mooney v. State*, 2014 Ark. 453, 447 S.W.3d 121 (per curiam). This burden is a heavy one, for a writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Jackson v. State*, 2014 Ark. 347, 439 S.W.3d 675 (per curiam). The remedy in a proceeding for a writ of error coram nobis is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown. *Id.*

Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, ___ S.W.3d ___. The purpose of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner therefore has the burden of demonstrating a fundamental error of fact extrinsic to the record. *McClinton v. State*, 2015 Ark. 161 (per curiam).

The writ is available to address insanity at the time of trial, a coerced guilty plea, and material evidence withheld by the prosecutor. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. When a petition for the writ is filed directly in the circuit court, a hearing is not required if the petition clearly has no merit, either because it fails to state a cognizable claim to support issuance of the writ, or because it is clear from the petition that the petitioner did not act with due diligence. *Id.*

Because the sentencing court had before it the issue of whether Culbertson was

SLIP OPINION

competent, the issue of his sanity necessarily turns on whether he demonstrated a hidden or unknown fact that would have prevented the court's finding him competent. *See Westerman*, 2015 Ark. 69, ___ S.W.3d ___. Culbertson's claim that the sentencing court made a mistake of law in accepting an out-patient evaluation clearly did not fall within the type of error that is cognizable in proceedings for the writ. *Ridgeway v. State*, 239 Ark. 377, 389 S.W.2d 617 (1965). To the extent that his arguments may be considered by this court, his claims were not supported by a sufficient factual basis.

Although Culbertson also contends on appeal that the cyst discovered in his brain in 2010 was present for five years before that date, the coram-nobis petition did not include any statement concerning the period of time that the cyst may have existed. It is well settled that an appellant is limited by the scope and nature of his arguments below. *Woods v. State*, 342 Ark. 89, 27 S.W.3d 367 (2000). This court cannot consider arguments raised for the first time on appeal. *Id.*

The allegations in the petition did include claims that the dose of the psychotropic drugs being administered to Culbertson at the time of his plea was excessive. Culbertson included with his petition copies of records showing that he was given multiple dosages of the same drug under different names. An affidavit from the prescribing doctor, however, contradicted Culbertson's claim that this dosage exceeded the maximum appropriate dosage. Even if Culbertson had shown that the dosage given exceeded what he had been prescribed, he did not demonstrate that this dosage would have had any significant impact on his mental condition. He did not show that some hidden or unknown fact existed that would have prevented the trial

court from finding that he was competent.

Culbertson's second claim also fails. His allegation of coercion, to the extent that that allegation was not merely a claim of ineffective assistance of counsel, did not assert the type of fear, duress, or threats of mob violence to support a cognizable claim for the writ. *See Westerman*, 2015 Ark. 69, ___ S.W.3d ___. The final claim that the State withheld evidence is unsubstantiated. Culbertson was clearly aware that the previous examinations had occurred, and he could have used the records at trial. Thus, the State was not withholding this information. *See Hooper v. State*, 2015 Ark. 108, ___ S.W.3d ___ (per curiam). Culbertson also failed to make a demonstration that the information of the witness's death, even if withheld, was material. He made no more than conclusory statements that the witness's death could have been used favorably by the defense, and he provided no specific facts in the petition about how the death might have been utilized by the defense.

The trial court did not abuse its discretion in denying the writ. On appeal, Culbertson has not shown that the claims in the petition provided a basis to support error-coram-nobis relief. Because Culbertson did not include in the petition a cognizable claim to support issuance of the writ, we need not address whether Culbertson acted with diligence in bringing his petition.

Affirmed.

*Billy N. Culbertson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.